**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **PINNACLE AGRICULTURE** | § | |
| **DISTRIBUTION, INC. doing business as** | § | |
| **SANDERS,** | § | |
| | § | |
| **Plaintiff,** | § | **Case No. 3:17-cv-182** |
| | § | |
| **v.** | § | |
| | § | |
| **4 M FARMS, a general partnership,** | § | |
| **WILLIAM KELLY MAYFIELD, and** | § | |
| **SHERI LYNN MAYFIELD,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

PINNACLE AGRICULTURE DISTRIBUTION, INC. doing business as SANDERS ("Plaintiff") files its Original Complaint complaining of 4 M FARMS, a general partnership, WILLIAM KELLY MAYFIELD, and SHERI LYNN MAYFIELD (collectively herein referred to as "Defendant") and respectfully shows the Court as follows:

## I.
## PARTIES

1.     Plaintiff is a Mississippi corporation with its principal place of business in Loveland County, Colorado.

2.     Defendant 4 M FARMS is a Texas general partnership and may be served with process at its place of business or abode, by and through its general partners, William Kelly Mayfield and Sheri Lynn Mayfield, at the following address: 521 3rd Street, Bay City, Matagorda County, Texas 77414.

3.     Defendant WILLIAM KELLY MAYFIELD is a Texas citizen and may be served with process at his place of business or abode at the following address: 521 3rd Street, Bay City, Matagorda County, Texas 77414.

4.     Defendant SHERI LYNN MAYFIELD is a Texas citizen and may be served with process at her place of business or abode at the following address: 521 3rd Street, Bay City, Matagorda County, Texas 77414.

## II.
## JURISDICTION AND VENUE

5.     Plaintiff incorporates herein by reference the above-numbered and below-numbered paragraphs.

6.     Plaintiff is a citizen of Colorado and Mississippi.  Plaintiff is a corporation incorporated under the laws of Mississippi with its principal place of business in Colorado. Defendant is a citizen of Texas.  The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

7.     Venue is proper in this District under 28 U.S.C. § 1391 because Defendant resides in this District.

## III.
## FACTS

8.     Plaintiff seeks to recover a liquidated debt owed by Defendant in connection with the sale of agricultural products as set forth herein.

9.     Plaintiff is an agriculture wholesaler dedicated to providing seed, chemicals, and fertilizer to its clients.

10.     Defendant executed a Credit Application with Plaintiff on or about April 25, 2015 (the "Agreement") (*See* Exhibit "A-1") for future purchases of goods and services from Plaintiff.

11.     Defendant executed a Note and Security Agreement payable to Plaintiff in the principal amount of $170,000.00 on or about June 10, 2016 with a maturity date of January 10, 2017 (the "Note") (*See* Exhibit "A-5") for the purchase of goods and services from Plaintiff.

12.     Defendant, in the usual course of business and under the Agreement with Plaintiff, requested and received goods and services from Plaintiff and/or its predecessor, as represented in the attached invoices and bills of lading on an open account (the "Transaction")(*See* Exhibit "A-2").

13.     Each good and service, reflected in the attached invoices, was received and accepted by Defendant.  Defendant became bound to pay Plaintiff for the designated prices reflected in the invoices, which were and are reasonable, usual, and customary for such goods and services. *Id.*

14.     The Transaction represents a transaction or series of transactions for which a systematic record has been kept and maintained by Plaintiff, as referenced in Plaintiff's AR Transaction Report (the "Transaction Report")(*See* Exhibit "A-3").

15.     Defendant failed and refused to pay for all of the goods and services, as reflected in the Transaction Report.  The Transaction Report represents the principal amount due as the date of filing to be $119,747.57 exclusive of accrued interest and additional interest that will accrue, costs, and attorney's fees.  The Transaction Report also reflects that the principal balance has accrued interest through March 31, 2017 in the amount of $6,879.56.  Interest continues to accrue at a rate of 12.0% per annum ($39.37 per diem).

16.     Defendant has further failed and refused to pay the Note in the principal amount of $119,747.57 exclusive of additional interest that will accrue, costs, and attorney's fees. The

Note has accrued interest through March 31, 2017 in the amount of $6,879.56. Interest continues to accrue at a rate of 12.0% per annum.

17.     Defendant, therefore, is indebted to Plaintiff in the amount $126,627.13, plus additional interest that will accrue, costs, and attorney's fees.

18.     This amount is just and true, is past due and owing, and all lawful credits, payments, and offsets have been allowed.

19.     Further, pursuant to the Note, Defendant agreed to pay and perform all obligations under the Note, including, but not limited to, the collection of expenses and reasonable attorney's fees.

20.     By letter dated April 26, 2017, Plaintiff presented its claim to Defendant, but the foregoing amount remains unpaid (*See* <u>Exhibit "A-4"</u>).

21.     Plaintiff now sues Defendant for the principal sum due and owing of $119,747.57, plus accrued interest through March 31, 2017 in the amount of $6,879.56, after allowing for all just and lawful offsets, payments, and credits, plus interest that will accrue, costs, and attorney's fees.

22.     The Declaration of Nick Koski, including <u>Exhibits "A-1," "A-2," "A-3" "A-4",</u> <u>and "A-5"</u> thereto, is attached hereto as <u>Exhibit "A"</u> and fully incorporated by reference herein for all purposes.

## IV.
## <u>COUNT ONE</u>
## <u>BREACH OF CONTRACT</u>

23.     Plaintiff incorporates herein by reference the above-numbered and below-numbered paragraphs.

24.     Plaintiff and Defendant entered into a valid contract or contracts regarding goods and services.  Plaintiff has fully performed its obligations under such contract or contracts. Despite demand, Defendant have failed to pay amounts due and owing under such contact or contracts.  Defendant's failure to pay the outstanding balance constitutes breach of contract.

25.     As a result of Defendant's breach of contract, Plaintiff is entitled to recover the amount of $126,627.13 plus interest that will accrue, costs, and attorney's fees, for which amounts Plaintiff now sues Defendant.

**V.**
**COUNT TWO**
**QUANTUM MERUIT**

26.     Plaintiff incorporates herein by reference the above-numbered and below-numbered paragraphs.

27.     Plaintiff provided valuable goods and services to Defendant at Defendant's request.  Defendant received and accepted such goods and services from Plaintiff.  Defendant has reasonable notice that Plaintiff expected compensation for the goods and services.  Defendant benefited from the receipt of the goods and services.  Defendant failed to pay Plaintiff for the goods and services, as more fully set forth above, and therefore, has unjustly retained benefits to Plaintiff's detriment.

28.     Plaintiff is entitled to recover the principal amount of $126,627.13 representing the reasonable value of the goods and services, plus interest that will accrue, costs and attorney's fees, for which amounts Plaintiff now sues Defendant.

**VI.**
**COUNT THREE**
**ATTORNEY'S FEES AND COSTS**

29.     Plaintiff incorporates herein by reference the above-numbered and below-numbered paragraphs.

30.     As a result of Defendant's conduct, Plaintiff retained the services of Johnson Stephens & Leal, PLLC, licensed attorneys, to enforce its rights and protect its legal interests and has agreed to pay Johnson Stephens & Leal, PLLC its reasonable and necessary attorney's fees and expenses.

31.     Plaintiff has presented its claim and demand for payment in writing to Defendant by demanding payment of the sums alleged.  Plaintiff's demand was presented more than thirty days before the trial hereof.

32.     Plaintiff is entitled to its reasonable and necessary attorney's fees pursuant to the terms of the Note and under Chapter 38 of the Texas Civil Procedures & Remedies Code.

**VII.**
**CONDITIONS PRECEDENT**

33.     All conditions precedent to recovery for the relief sought herein have occurred or have been satisfied.

34.     Plaintiff affirmatively pleads the discovery rule as it relates to the limitation periods applicable to the claims herein.  This Complaint was filed within the applicable limitations periods or filed within the limitations period from the time Plaintiff discovered or should have discovered, through the exercise of reasonable care and diligence, the facts establishing the elements of the asserted claims or causes of action asserted herein.  Plaintiff also affirmatively pleads that any limitations period has been tolled.

## VIII.
## <u>PRAYER</u>

**WHEREFORE**, Plaintiff requests that Defendant be cited to appear and answer herein and that upon final hearing or trial of this cause, Plaintiff be granted judgment against Defendant for the following:

1.    Judgment against Defendant as set forth herein above, and in an amount proven at trial or hearing within the jurisdictional limits of this Court;

2.    Benefit of the bargain damages, out of pocket costs, reliance damages, and actual and economic damages;

3.    Reasonable and necessary attorney's fees through trial and all subsequent appeals;

4.    Costs of court;

5.    Pre-judgment interest as allowed by contract law;

6.    Post-judgment interest as allowed by contract law;

7.    All writs and processes necessary to effectuate the relief granted; and

8.    Such other and further relief, at law or in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

JOHNSON STEPHENS & LEAL, PLLC

By:  */s/ Abel A. Leal*
    Abel A. Leal
    Federal ID  29105
    State Bar No. 24026989
    aleal@jsllawfirm.com
    John Mark Stephens
    State Bar No. 24028005
    Federal ID  435430
    jmstephens@jsllawfirm.com
    Sarah L. Stephens
    Federal ID 2583575
    State Bar No. 24086110
    sstephens@jsllawfirm.com
    4809 Cole Avenue, Suite 260
    Dallas, TX 75205
    (214) 559-2773 Telephone
    (214) 919-5941 Facsimile

**ATTORNEYS FOR PLAINTIFF**